Sean M. Sherlock (CA 161627)
SNELL & WILMER L.L.P.
600 Anton Blvd., Suite 1400
Costa Mesa, California 92626
Telephone: (714) 427-7000
Facsimile: (714) 427-7799
ssherlock@swlaw.com

Attorneys for Defendant Syntellect, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN CALIFORNIA GAS COMPANY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SYNTELLECT, INC., a Delaware corporation,<br><br>Defendant. | Case No. 08-CV-0941 BEN NLS<br><br>**DEFENDANT SYNTELLECT, INC.'S ANSWER AND COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Syntellect, Inc. ("Syntellect") hereby responds to the Complaint of Plaintiff Southern California Gas Company ("SoCal Gas") as follows in paragraphs numbered to correspond to the paragraphs of the Complaint:

    1.    Syntellect admits that Ronald A. Katz Technology Licensing, L.P. ("RAKTL") sued SoCal Gas for patent infringement and that SoCal Gas made a demand for indemnity which Syntellect rejected. Syntellect denies the remaining allegations of paragraph 1 and affirmatively states that the Complaint filed by RAKTL asserts that SoCal Gas operates a call processing system which infringes the Katz patent and that the Complaint does not target the Syntellect IVR (Interactive Voice Response) component of that system.

    2.    Syntellect is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 2 and therefore denies same.

3. Admitted.

4. Admitted.

5. Syntellect admits that venue is proper in this Court, but denies that there has been any breach of contract by Syntellect.

6. Syntellect is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 6 and therefore denies same.

7. Syntellect is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 7 and therefore denies same.

8. Syntellect admits that an IVR component or platform can be used in a call processing system to process customer service calls and that in such systems a caller can interact with a database and/or respond to voice prompts to acquire or enter information. Syntellect admits that "IVR" means interactive voice response. Syntellect is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 8 and therefore denies same.

9. In response to paragraph 9, Syntellect states that plaintiff has not defined an "IVR system" and thus, Syntellect is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 9 and therefore denies same.

10. In response to paragraph 10, Syntellect states that plaintiff has not defined an "IVR system" and therefore, Syntellect is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10 and therefore denies same.

11. In response to paragraph 11, Syntellect states that plaintiff has not defined an "IVR system" and therefore, Syntellect is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 11 and therefore denies same. In further response, Syntellect admits that paragraph 11 accurately quotes a portion of the text of Exhibit 1 to the Complaint.

12. Syntellect admits that it introduced the VocalPoint Interactive

1  Services Transaction Architecture ("Vista") in 1998. Syntellect further admits that
2  paragraph 12 accurately quotes from portions of Exhibit 1 to the Complaint, but that
3  paragraph 12 does not accurately reflect the statements in other portions of Exhibit 1 and
4  therefore denies same.

5        13.    Syntellect denies that it is currently the assignee of patents issued to
6  Sanford J. Morganstein. Syntellect is without sufficient knowledge or information to form
7  a belief as to the truth of the remaining allegations of paragraph 13 and therefore denies
8  same.

9        14.    Syntellect admits that at one time it owned certain patents issued to
10 Sanford Morganstein which were assigned to Dytel Corporation which became Syntellect
11 by name change in 1995. Syntellect admits that at least one lawsuit was filed asserting
12 infringement of one or more of the Morganstein patents when Syntellect owned the
13 patents. In further response, Syntellect states that the Morganstein patents were assigned
14 to Aspect Communications in 1997.

15       15.    In response to paragraph 15, Syntellect admits that Vista has an IVR
16 component. Syntellect is without sufficient knowledge or information to form a belief as
17 to the truth of the remaining allegations of paragraph 15 and therefore denies same. In
18 further response, Syntellect states affirmatively that in its complaint against SoCal Gas,
19 Katz alleges that SoCal Gas operates a call processing system that infringes the Katz
20 patents and that Katz makes no allegations that its patents cover "any" automated
21 interactive voice response system or that its patents cover the IVR component of Vista.

22       16.    Syntellect denies that paragraph 16 states the correct legal definition
23 of "prior art." Syntellect is without sufficient knowledge or information to form a belief
24 as to the truth of the remaining allegations of paragraph 16 and therefore denies same.

25       17.    Syntellect admits that Markman hearings are sometimes held to
26 determine the ruling of patent claim terms. Syntellect is without sufficient knowledge or
27 information to form a belief as to the truth of the remaining allegations of paragraph 17
28 and therefore denies same.

Snell & Wilmer L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

8809131.1

- 3 -

CASE NO. 08-CV-0941 BEN NLS
ANSWER AND COUNTERCLAIM

18. Syntellect denies that it took any action relating to the Morganstein patents to avoid litigation with Katz or that it would likely lose any such litigation. Syntellect is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 18 and therefore denies same. In further response, Syntellect states that Syntellect had assigned the Morganstein patents to Aspect Communications in 1997, two years before Mr. Morganstein is alleged to have testified as Katz's Markman expert.

19. Syntellect admits that paragraph 19 accurately quotes a portion of Exhibit 1 to the Complaint, but denies the implication of paragraph 19 that Syntellect changed its 10K report because Morganstein testified for Katz or that any alleged change has any relationship to Katz or the RAKTL patent portfolio. Any other actual or inferred allegation is denied.

20. Admitted.

21. Syntellect admits that paragraph 21 accurately quotes a portion of Exhibit 2 to the Complaint and that the Vista Interactive Voice Response System was deployed at the call center of SoCal Gas.

22. Syntellect admits that paragraph 22 accurately quotes a portion of Exhibit 2 to the Complaint.

23. Syntellect admits that paragraph 23 accurately quotes a portion of Section 20.2 of the Agreement, except that there is no boldfaced type in the original Agreement.

24. Syntellect admits that paragraph 24 quotes out of context a portion of Section 20.3 of the Agreement and denies the remaining allegations of paragraph 24.

25. Syntellect admits that Exhibit 3 to the Complaint is a complaint filed by RAKTL against SoCal Gas alleging that SoCal Gas' call processing system infringes 25 Katz patents. Syntellect is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 25 and therefore denies same.

26. Admitted that on August 21, 2007, SoCal Gas repeated a request for defense and indemnification that was previously made in January 2003.

27. Syntellect admits that it repeated its refusal to assume the defense of SoCal Gas or indemnify SoCal Gas, which was previously made in April 2003, and that this repeated refusal is stated in Exhibit 5 to the Complaint. Syntellect denies that the Katz patents claimed to cover IVR products or Syntellect's Vista IVR. Syntellect denies that it holds a set of call center patents. Syntellect admits that when it owned certain Morganstein patents that at least one lawsuit was filed to enforce them. Syntellect is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 27 and therefore denies same.

28. Syntellect denies that it contractually promised assistance applicable to the claims brought by Katz. With respect to the remaining allegations of paragraph 28, Syntellect is without sufficient knowledge or information to form a belief as to the truth of the said allegations and therefore denies same.

29. Syntellect refers to and incorporates herein paragraphs 1-28, inclusive, hereinabove, as if fully set forth herein.

30. Denied.

31. Denied.

32. Syntellect is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 32 and therefore denies same.

33. Denied.

34. Denied.

35. Syntellect refers to and incorporates herein paragraphs 1-34, inclusive, hereinabove, as if fully set forth herein.

36. Denied.

37. Denied.

38. Syntellect is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 38 and therefore denies same.

39. Denied.

40. Denied.

41. Syntellect refers to and incorporates herein paragraphs 1-40, inclusive, hereinabove, as if fully set forth herein.

42. Syntellect admits that an ongoing controversy exists, that SoCal Gas' contention is as stated in paragraph 42 of the Complaint, and that Syntellect has denied any obligation to defend or indemnify as SoCal Gas' claim relates to the RAKTL patent infringement action. Any other actual or inferred allegation is denied.

43. Syntellect admits that SoCal Gas seeks a judicial determination that Syntellect has a contractual duty to provide a defense and to provide full indemnity to SoCal Gas with respect to RAKTL's patent infringement action, but Syntellect denies that Syntellect has any such contractual obligation.

## AFFIRMATIVE DEFENSES

44. Paragraph 20.2 of the Agreement between SoCal Gas and Syntellect (Exhibit 2 to the Complaint) provides that Syntellect shall indemnify SoCal Gas only for "actual or alleged infringement or misappropriation by Supplier [Syntellect] ... ." Thus, Syntellect's indemnification obligation is triggered only if Syntellect actually infringes or is alleged to have infringed a patent.

45. The complaint filed by RAKTL against SoCal Gas (Exhibit 3 to the Complaint) does not allege that Syntellect or any product provided to SoCal Gas by Syntellect infringes the RAKTL patents. On the contrary, the complaint alleges that the "call processing system" of SoCal Gas infringes the patents. Syntellect's IVR component provided to SoCal Gas is only one component of the accused call processing system.

46. In paragraph 20.3 of the Agreement, Syntellect may assume the defense of any claim brought against SoCal Gas under paragraphs 20.1 and 20.2 of the Agreement, or reimburse SoCal Gas for its defense. The relevant claim at issue is a claim made under paragraph 20.2 that Syntellect infringes a patent.

47. Since there is no allegation that Syntellect has infringed any Katz

patent, Syntellect has no obligation to indemnify SoCal Gas or reimburse SoCal Gas for its attorneys' fees in defending against the RAKTL infringement claims.

48.  Upon information and belief, prior to January 2003, RAKTL asserted that SoCal Gas infringed certain of the RAKTL patents. SoCal Gas first demanded indemnification and assumption of the defense with respect to the RAKTL infringement allegations in January, 2003, by letter from Gary A. Perlmutter, who is believed to have been a principal of SoCal Gas. Syntellect, through its counsel, denied that it had any obligations under the Agreement in a letter dated April 1, 2003 (Exhibit A to this Answer).

49.  Following Syntellect's rejection of SoCal Gas' demand in 2003, SoCal Gas did nothing until its letter of August 21, 2007, again demanding indemnification (Exhibit 4 to the Complaint).

50.  SoCal Gas filed its Complaint in this case alleging breach of contract on or about April 21, 2008, based on Syntellect's rejection of SoCal Gas' demand for indemnification. Thus, the Complaint was filed five years after Syntellect had rejected the indemnification demand.

51.  SoCal Gas' claim for reimbursement of its attorneys' fees in defending against Katz's claims is based on paragraph 20.3 of the Agreement, which states that if Syntellect does not assume the defense, it must reimburse SoCal Gas on a monthly basis. Syntellect rejected this obligation in April 2003, did not assume the defense, and did not reimburse fees on a monthly basis. Thus, if Syntellect is determined to have breached paragraph 20.3, the alleged breach occurred in April 2003, giving rise to a cause of action at that time.

52.  As a result of SoCal Gas' delay, its claims are barred by the equitable doctrines of laches and estoppel and SoCal Gas' claim for reimbursement of attorneys' fees is barred by the California Statute of Limitations. California Code of Civil Procedure § 337.

53.  Based on the facts set forth in paragraphs 44-51, the Complaint of

SoCal Gas fails to state a claim upon which relief can be granted.

54. Upon information and belief, SoCal Gas has failed to mitigate its damages in that it withdrew as a member of a RAKTL defense group that negotiated a settlement which individually for members of the group was less than the sum which SoCal Gas has paid or will pay and for which it is seeking indemnification from Syntellect.

55. In paragraph 31.3 of the Agreement, the prevailing party in any litigation to enforce or interpret the terms of the Agreement "shall be entitled to recover from the unsuccessful party all costs, expenses, (including expert testimony) and reasonable attorneys' fees and disbursements incurred therein by the prevailing party."

## COUNTERCLAIM

Declaratory Relief Under 28 U.S.C. § 2201

56. Syntellect refers to and incorporates herein paragraphs 1-53, inclusive, hereinabove, as if fully set forth herein.

57. Syntellect is a corporation organized and existing under the laws of the state of Delaware and having a principal place of business in Phoenix, Arizona. SoCal Gas is, upon information and belief, a citizen of the state of California as alleged in paragraph 2 of its Complaint.

58. There exists an actual controversy between SoCal Gas and Syntellect as to whether Syntellect must indemnify and pay SoCal Gas' attorneys' fees in connection with the RAKTL patent infringement litigation against SoCal Gas.

59. The sum or value in controversy, i.e., SoCal Gas' claim for monetary indemnification for any judgment or settlement in the RAKTL litigation and the attorneys' fees incurred by SoCal Gas in that litigation, exceeds $75,000 exclusive of interest and costs.

60. This Court has subject matter jurisdiction of this Counterclaim under 28 U.S.C. § 2201 and 28 U.S.C. § 1332.

61. Syntellect seeks a declaration that it is not obligated under the

Agreement to either indemnify SoCal Gas or reimburse SoCal Gas for its attorneys' fees.

62. Syntellect seeks a declaration that SoCal Gas' claims for indemnification and reimbursement of attorneys' fees is barred by the equitable doctrines of laches and estoppel and that the law for reimbursement of attorneys' fees is barred by the Statute of Limitations.

## PRAYER FOR RELIEF

WHEREFORE, defendant Syntellect prays for judgment as follows:

1. For a declaration that Syntellect has no obligation to indemnify SoCal Gas or reimburse SoCal Gas for its attorneys' fees in connection with the RAKTL patent litigation and that SoCal Gas' claims are barred by laches and estoppel and its claim for attorneys' fees is barred by the Statute of Limitations;

2. That SoCal Gas' Complaint be dismissed with prejudice;

3. That Syntellect be awarded its costs pursuant to statute;

4. That Syntellect be awarded its costs, expenses (including expert testimony), reasonable attorneys' fees and disbursements incurred in this action pursuant to the Agreement;

5. For such other and further relief as this Court deems just and proper.

DATED: June 4, 2008.

SNELL & WILMER L.L.P.

By: /s/ Sean M. Sherlock
Sean M. Sherlock
Attorneys for Def. Syntellect, Inc.

## PROOF OF SERVICE BY ALL OPTIONS

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 600 Anton Boulevard, Suite 1400, Costa Mesa, CA 92626-7689.

On June 4, 2008, I served, in the manner indicated below, the foregoing document described as **DEFENDANT SYNTELLECT, INC.'S ANSWER AND COUNTER CLAIM; DEMAND FOR JURY TRIAL** on the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, at Costa Mesa, addressed as follows:

*Please see attached Service List*

[X]  **BY REGULAR MAIL:** I caused such envelopes to be deposited in the United States mail at Costa Mesa, California, with postage thereon fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service each day and that practice was followed in the ordinary course of business for the service herein attested to (C.C.P. § 1013(a)).

[ ]  **BY FACSIMILE:** (C.C.P. § 1013(e)(f)).

[ ]  **BY FEDERAL EXPRESS:** I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressees. (C.C.P. § 1013(c)(d)).

[ ]  **BY PERSONAL SERVICE:** I caused such envelopes to be delivered by hand to the offices of the addressees. (C.C.P. § 1011(a)(b)).

********

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 4, 2008, at Costa Mesa, California.

*/s/ Wendy J. Merkley*
Wendy J. Merkley

8813513.1

# SERVICE LIST
## SOUTHERN CALIFORNIA GAS COMPANY V. SYNTELLECT, INC.
### U.S.D.C. CASE NO. TBA

| | |
|---|---|
| Jason H. Wilson<br>William A. Delgado<br>WILLENKEN WILSON LOH & LIEB LLP<br>707 Wilshire Blvd., Ste. 3850<br>Los Angeles, CA 90017 | Attorneys for Plaintiff<br><br>Phone: (213) 955-9240<br>FAX: (213) 955-9250 |

8813513.1

- 2 -