1  WILLENKEN WILSON LOH & LIEB LLP
2  Jason H. Wilson (Bar No. 140269)
   William A. Delgado (Bar No. 222666)
3  707 Wilshire Blvd., Suite 3850
   Los Angeles, CA 90017
4  Tel: (213) 955-9240
   Fax: (213) 955-9250
5
6  Attorneys for Plaintiff
   Southern California Gas Company
7
8                   UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10

11 | SOUTHERN CALIFORNIA GAS     | Case No.:  08-CV-0941 BEN NLS
12 | COMPANY, a California corporation, |
13 |         Plaintiff,           | **PLAINTIFF SOUTHERN CALIFORNIA GAS COMPANY'S REPLY TO COUNTERCLAIM OF DEFENDANT SYNTELLECT, INC.**
14 | v.                           |
15 |                              |
16 | SYNTELLECT, INC., a Delaware corporation, |
17 |         Defendant.           |

Plaintiff Southern California Gas Company ("SoCal Gas") replies to the Counterclaim of defendant Syntellect, Inc. ("Syntellect") as follows in paragraphs numbered to correspond to the paragraphs of the Counterclaim:

56. SoCal Gas admits that Syntellect has incorporated paragraphs 1-53 of its Answer into its Counterclaim. As to Syntellect's admissions in paragraphs 1-43, SoCal Gas admits their truth. As to Syntellect's denials in paragraphs 1-43, SoCal Gas denies their truth. As to the particular factual averments in certain of paragraphs 1-53, they are treated in turn by paragraph number:

(1.) SoCal Gas denies that the Complaint does not target the Syntellect Interactive Voice Response component of SoCal Gas's call processing system.

(14.) SoCal Gas currently does not have sufficient knowledge or information to form a belief as to the truth of the allegation in this paragraph that the Morganstein patents were assigned to Aspect Communications in 1997, and therefore denies the same.

(18.) SoCal Gas currently does not have sufficient knowledge or information to form a belief as to the truth of the allegation in this paragraph that the Morganstein patents were assigned to Aspect Communications in 1997, and therefore denies the same.

(44.) SoCal Gas denies that Syntellect has accurately characterized Paragraph 20.2 of the Agreement (Exhibit 2 to the Complaint), and affirmatively states that the Agreement speaks for itself. SoCal Gas denies that Syntellect's indemnification obligation is triggered only if Syntellect actually infringes or is alleged to have infringed a patent, and affirmatively states that Syntellect's indemnification obligation is set forth in full in the Agreement but generally is triggered by any claim or liability of any kind whatsoever arising from Syntellect's actual or alleged infringement of a patent.

(45.) SoCal Gas admits that the complaint filed by RAKTL does not specifically identify Syntellect, but denies that the call processing system to which the complaint refers does not refer to Syntellect's IVR component.

(46.) Admitted.

(47.) Denied.

(48.) Admitted.

(49.) Syntellect does not explain or deny the term "did nothing" in this paragraph, and thus SoCal Gas currently does not have sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and therefore denies the same, except that SoCal Gas admits that it demanded indemnification from Syntellect on August 21, 2007.

(50.) SoCal Gas admits that it filed its Complaint on or about April 21, 2008 based upon Syntellect's rejection of SoCal Gas's demand for indemnification, and SoCal Gas affirmatively states that the Complaint is also based upon Syntellect's breach of its duty to defend. SoCal Gas admits that the Complaint was filed more than five years after Syntellect rejected SoCal Gas's initial indemnification demand, but denies that it was filed more than five years after its most recent indemnification demand.

(51.) SoCal Gas admits that its claim for reimbursement of attorneys' fees in defending against Katz's claims is based on paragraph 20.3 of the Agreement, and SoCal Gas affirmatively states that its claim for attorneys' fees is based upon paragraph 20.2 of the Agreement as well. SoCal Gas admits that Syntellect first rejected its obligations in April 2003, did not assume the defense, and did not reimburse fees on a monthly basis. SoCal Gas admits that an

alleged breach occurred in April 2003, but affirmatively states that Syntellect has had a continuing obligation under the Agreement, and thus has engaged in a continuous breach from April 2003 to the present.

(52.)   Denied.

(53.)   Denied.

57.   Admitted.

58.   Admitted.

59.   Admitted.

60.   Admitted.

61.   SoCal Gas admits that Syntellect is seeking a declaration as alleged, but denies that Syntellect is not obligated under the Agreement to indemnify SoCal Gas and to reimburse SoCal Gas for its attorneys' fees.

62.   SoCal Gas admits that Syntellect is seeking a declaration as alleged, but denies that SoCal Gas's claims are barred by laches, estoppel, or the statute of limitations.

## AFFIRMATIVE DEFENSES

Without assuming the burden to prove that which properly falls on Syntellect, SoCal Gas pleads the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Counterclaim fails to set forth facts sufficient to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

SoCal Gas is informed and believes, and on that basis alleges that, by virtue of Syntellect's own acts and conduct, Syntellect's Counterclaim is barred, in whole or in part, by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

### (Equitable Tolling)

Syntellect's Counterclaim is barred, in whole or in part, by the doctrine of equitable tolling.

## FOURTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

SoCal Gas reserves the right to allege additional defenses as they become known during discovery, and to amend its Reply accordingly.

## PRAYER

WHEREFORE, SoCal Gas prays for judgment as follows:

1. That Syntellect takes nothing by the Counterclaim, and that judgment be entered against Syntellect and in favor of SoCal Gas;

2. That SoCal Gas be awarded costs of suit incurred in defending the Counterclaim, including reasonable attorneys' fees; and

3. For such other and further relief as this Court may deem just and proper.

Dated: June 26, 2008                     WILLENKEN WILSON LOH & LIEB, LLP

                                         */s William A. Delgado*                .
                                         William A. Delgado
                                         Attorney for Plaintiff
                                         Southern California Gas Company

# CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses associated with this case.

I also sent a copy by U.S. Mail, first class, of the foregoing document to counsel for Defendant at the following address:

Sean M. Sherlock, Esq.
Snell & Wilmer LLP
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626

DATED: June 26, 2008                    WILLENKEN WILSON LOH & LIEB LLP


By: */s William A. Delgado*
    William A. Delgado
    Attorneys for Plaintiff

-6-
PLAINTIFF SOUTHERN CALIFORNIA GAS COMPANY'S REPLY TO COUNTERCLAIM