WILLENKEN WILSON LOH & LIEB LLP
Jason H. Wilson (Bar No. 140269)
William A. Delgado (Bar No. 222666)
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Tel: (213) 955-9240
Fax: (213) 955-9250

Attorneys for Plaintiff
Southern California Gas Company

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN CALIFORNIA GAS COMPANY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SYNTELLECT, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 08-CV-0941 BEN NLS<br><br>**PLAINTIFF SOUTHERN CALIFORNIA GAS COMPANY'S NOTICE OF FILING OF NOTICE OF POTENTIAL TAG-ALONG ACTION WITH THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that plaintiff Southern California Gas Company filed a Notice of Potential Tag-Along Action with the Judicial Panel on Multidistrict Litigation, a copy of which is attached as Exhibit A, seeking transfer of this matter as described therein.

Dated: June 30, 2008      WILLENKEN WILSON LOH & LIEB, LLP

/s William A. Delgado
William A. Delgado
Attorney for Plaintiff/Counterclaim Defendant
Southern California Gas Company

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses associated with this case.

I also sent a copy by U.S. Mail, first class, of the foregoing document to counsel for Defendant at the following address:

Sean M. Sherlock, Esq.
Snell & Wilmer LLP
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626

DATED: June 30, 2008				WILLENKEN WILSON LOH & LIEB LLP


					/s William A. Delgado
						William A. Delgado
						Attorneys for Plaintiff/Counterclaim Defendant
						Southern California Gas Company

### BEFORE THE JUDICIAL PANEL ON
### MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: )<br>KATZ INTERACTIVE CALL )<br>PROCESSING PATENT LITIGATION )<br>) | MDL – 1816 |

### NOTICE OF POTENTIAL TAG ALONG ACTION

Pursuant to Rule 7.5(e) of the Judicial Panel on Multidistrict Litigation, Southern California Gas Company ("SoCal Gas") provides notice of the following potential "tag along action" in which it is a plaintiff, which was recently removed to federal district court, and which is related to the actions subject to the Judicial Panel's Transfer order of March 27, 2007. The action is entitled:

Southern California Gas Company v. Syntellect, Inc.
U.S.D.C., Southern District of California
Case No. 08-CV-0941 BEN NLS

**EXHIBIT A PAGE 4**

Attached as Exhibit A is a true and correct copy of the complaint in the above-referenced action, and attached as Exhibit B are true and correct copies of the Notices of Removal filed by defendant Syntellect, Inc. (without exhibits). SoCal Gas respectfully submits that this action should be considered a related "tag along action" for the purposes of this proceeding and should be transferred to the Honorable R. Gary Klausner of the United States District Court for the District of Central California for coordination or consolidation pursuant to 28 U.S.C. section 1407.

Dated:     June 27, 2008

Respectfully submitted,

_____
Jason H. Wilson

WILLENKEN WILSON LOH & LIEB LLP
Jason H. Wilson (Bar No. 140269)
William A. Delgado (Bar No. 222666)
Eileen M. Ahern (Bar No. 216822)
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Tel: (213) 955-9240
Fax: (213) 955-9250

*Attorneys for Plaintiff*
*Southern California Gas Company*

WILLENKEN WILSON LOH & LIEB LLP
Jason H. Wilson (Bar No. 140269)
William A. Delgado (Bar No. 222666)
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Tel: (213) 955-9240
Fax: (213) 955-9250

Attorneys for Plaintiff
Southern California Gas Company

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| SOUTHERN CALIFORNIA GAS COMPANY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SYNTELLECT, INC., a Delaware corporation,<br><br>Defendant. | Case No.: 37-2008-00082354-CU<br><br>**COMPLAINT FOR:**<br><br>1. Breach of Contract (Failure to Defend)<br>2. Breach of Contract (Contractual Indemnity)<br>3. Declaratory Relief<br><br>**DEMAND FOR JURY TRIAL** |

EXHIBIT __A__ PAGE __6__

-1-
COMPLAINT

Plaintiff Southern California Gas Company hereby alleges as follows:

1. Defendant Syntellect, Inc. agreed to give Plaintiff Southern California Gas Company ("SoCal Gas") a broad indemnity for any patent infringement claim that has some connection with an interactive voice response system. In 2007, Ronald A. Katz Technology Licensing, L.P. ("RAKTL") sued SoCal Gas for patent infringement and targeted Syntellect's interactive voice response system. SoCal Gas made a demand for contractual indemnity and Syntellect refused to provide it.

## THE PARTIES

2. Plaintiff, SoCal Gas, is a corporation organized and existing under the laws of the State of California, with its principal place of business at 555 West Fifth Street, Los Angeles, California. SoCal Gas is the nation's largest natural gas distribution utility in the nation. SoCal Gas serves about 20 million customers in California.

3. Plaintiff is informed and believes, and thereon alleges, that Defendant, Syntellect, Inc. ("Syntellect") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 16610 N. Black Canyon Hwy., Suite 100, Phoenix, AZ, and doing business in the state of California.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over the Defendants because Defendants' activities or contacts in California give rise to this Action and the parties have agreed to the exclusive jurisdiction of this court.

5. Venue is proper in this Court because, *inter alia*, the alleged breaches of contract took place in this county and the parties have agreed to submit disputes related thereto to this venue.

EXHIBIT __A__ PAGE __7__

## FACTUAL BACKGROUND

### Interactive Telephone Response and Customer Service Calls

6. Like any company providing a utility distribution service, SoCal Gas has to respond to calls from its customers. Customers, of course, call for a wide variety of reasons, including: to connect gas service to their home; to question a bill; to report a potential leak. Not surprisingly, utilities have long handled these inquiries with telephone customer service representatives.

7. Before the advent of computers, customer service calls that were received when customer service representatives were not available would simply be placed on hold pending the availability of a customer service representative. Once the service representative answered the call, he or she would have had to write down information.

8. Computers have revolutionized the way that customer service calls are handled. A company can now use an "IVR" system to automatically route, sort and handle customer calls. The term "IVR" stands for interactive voice response. IVR is a telephone technology that allows a caller to interact with a database and/or voice prompts by, for example, pushing the buttons on a touch-tone telephone or responding to voice prompts, to acquire or enter information. For example, a customer for SoCal Gas can push "1" to report a gas leak, "2" to deal with billing issues, "3" to start or stop or transfer service, etc.

9. An IVR system does not necessarily require customers to have any human interaction with a customer service representative. Some transactions can be done entirely by using the IVR system. An IVR system can also gather information on the caller and then connect the caller with a live customer service representative. After the IVR system connects the caller to a live customer service representative, it can provide the representative with information about the caller.

10. An IVR system enables a company using it to have fewer live operators because some of the calls are handled with self-service interactions on the IVR system. And even if a

EXHIBIT A PAGE 8

-3-
COMPLAINT

live operator is used, the operator has more information about the caller when he or she answers the call and the transaction can be handled more quickly and efficiently.

### Syntellect Is A Self-Proclaimed Early Pioneer in IVR Systems and Vista Is One of Its IVR Products

11. Syntellect has proclaimed itself to be an early pioneer of IVR systems. For example, in its 10-K report for 2000, Syntellect said of itself: "We were founded in 1984, and became an early pioneer in the Interactive Voice Response industry. By 1995 we had become the fourth largest provider of IVR technology IVR systems . . ." See Exhibit 1 hereto, Syntellect's 2000 10K report at page 6.

12. In 1998, Syntellect introduced VocalPoint Interactive Services Transaction Architecture ("Vista"). Exhibit 1, page 7. Vista, which Syntellect has described as having "call center technologies," includes an IVR component. Id. at page 7 & 12. Syntellect claims that its "Vista IVR automates customer self-service inquiries and is sometimes considered the 'voice' of an automated customer contact center." Id. at 12.

### Syntellect and the Morganstein Patents

13. Plaintiff is informed and believes that Syntellect is the assignee of a set of patents that were issued to Sanford J. Morganstein. Plaintiff is informed and believes that Mr. Morganstein is an expert in interactive voice response technology. Plaintiff is informed and believes that the portfolio of Morganstein patents that Syntellect holds as assignee includes patents that concern automated call processes that are relevant to call centers.

14. Plaintiff is informed and believes that Syntellect began to enforce its Morganstein patents in 1997 by filing a series of patent infringement lawsuits against a number of different companies. In these suits, Plaintiff is informed and believes that Syntellect accused the defendants of making products that infringed the Morganstein patents.

EXHIBIT A    PAGE 9

### The Katz Patents Claim To Cover Interactive Voice Response Systems

15. Plaintiff is informed and believes that Ronald A. Katz is the inventor of a large portfolio of patents. Plaintiff is further informed and believes that Mr. Katz and his licensing company, RAKTL assert that Mr. Katz's patents cover any automated interactive voice response system like Syntellect's Vista system. Indeed, the Judicial Panel on Multidistrict Federal Litigation has referred to the Katz patents as patents involving "interactive voice response." Plaintiff is informed and believes that Syntellect's Vista system is an interactive voice response system as well.

16. Plaintiff is informed and believes that the Katz patents build upon the earlier innovations in the Morganstein patents. Plaintiff is informed and believes that Katz's patents have cited the Morganstein patents as prior art at least five times. "Prior art" is a patent term that means that the earlier patent was a precursor to the innovation found the in the current patent.

### Syntellect Stops Enforcing Its Morganstein Patents After Morganstein Testifies As Katz's Markman Expert in 1999

17. RAKTL sued AT&T in the late 1990s, claiming that AT&T had infringed his patents. In a federal patent litigation case, the district court holds a "Markman" hearing to determine how the words in a patent claim should be interpreted. In Katz's case against AT&T, Katz hired Mr. Morganstein, the same Mr. Morganstein that invented Syntellect's patent portfolio, as its Markman expert. Plaintiff is informed and believes that Mr. Morganstein's Markman testimony was based upon his expertise in interactive voice response technology. Mr Morganstein testified as Katz's Markman expert in 1999.

18. On information and belief, Plaintiff alleges that Syntellect stopped enforcing the Morganstein patents around the time that Mr. Morganstein became Katz's Markman expert. Around that time, Syntellect dropped the various patent enforcement actions it had brought. Plaintiff is informed and believes that Syntellect dropped its patent enforcement actions to

EXHIBIT A PAGE 10

avoid any litigation with Katz—litigation that Syntellect could likely lose given that the inventor of its portfolio had decided to serve as Katz's expert witness.

### Syntellect Discloses the Risk of Patent Infringement to its Investors in March 2001

19. Not surprisingly, after Mr. Morganstein testified for Katz, Syntellect changed its 10K report (filed on March 31, 2001) to reflect that its products might infringe someone else's patents. In the 10K report for 2000, Syntellect noted:

> "Also, even though we hold patents and other proprietary rights of others, including the patent rights of others, the development and sale of our products could violate the proprietary rights of others, including the patent rights of others."

Exhibit 1 at 44.

### A Few Months Later, In June 2001, Syntellect Sells SoCal Gas An Interactive Voice Response System

20. On or about June 19, 2001, SoCal Gas and Syntellect entered into a Hardware/Software System Agreement ("Agreement"), attached hereto as Exhibit 2.

21. Pursuant to the Agreement, Defendant agreed to "design, develop, manufacture, sell, deliver, install and warranty...the Vista Interactive Voice Response System [('System')], including equipment hardware, software and Services" for SoCal Gas. Exhibit 2 at page 1. The Vista Interactive Voice Response System was deployed at the call center for SoCal Gas.

22. Syntellect further promised to:

> "provide all design, engineering, System and applications operational database development (including in-depth user interviews to determine most effective designs and features/applications profiles, configurations, class-of-service, etc.) and input all system and application database into appropriate Systems components necessary for System performance in the matter contemplated by this Agreement."

Exhibit 2 at page 1

23. Pursuant to Section 20.2 of the Agreement, Defendant also agreed to indemnify

Plaintiff against patent infringement claims as follows:

> [Syntellect] shall indemnify, defend and hold [SoCal Gas], and its present and future direct or indirect parent company(ies), subsidiaries, and affiliates and their directors, officers, shareholders, employees, agent and representatives harmless from and against **any and all claims**, actions, suits, proceedings, losses, liabilities, penalties, damages costs or expenses (including attorneys' fees and disbursements) **of any kind whatsoever** arising from (1) **actual or alleged infringement** or misappropriation by [Syntellect] or any subcontractor of any **patent**, copyright, trade secret, trademark, service mark, trade name, or other intellectual property right **in connection with the System**, including without limitation, **any deliverable**... (Emphasis added).

24. Section 20.3 of the Agreement provides that "if any claim is brought against" SoCal Gas, Defendant can either assume the defense of that claim or reimburse SoCal Gas on a monthly basis for its defense through separate counsel of SoCal Gas's choice.

25. On or about June 6, 2007, RAKTL filed a lawsuit against SoCal Gas, alleging that its call center, of which the Vista Interactive Voice Response System is the primary component, infringes twenty-five (25) different U.S. patents issued to Ronald A. Katz. (See RAKTL Complaint at Exhibit 3).

26. On August 21, 2007, SoCal Gas notified Syntellect of RAKTL's claim and requested defense and indemnification pursuant to Sections 20.2 and 20.3 of the Agreement. (See Letter to Syntellect, Exhibit 4).

27. On October 1, 2007, Syntellect informed SoCal Gas that it would neither assume the defense of this action nor provide any requested indemnification. (See Letter to Jason Wilson, Exhibit 5). Syntellect made this refusal even though its Vista product was an IVR system and RATKL's patents claim to cover IVR products like Syntellect's Vista IVR.

Syntellect refused to provide an indemnity even though it holds (and tried to enforce) a set of call center patents that were invented in part by Morganstein, who served as Katz's Markman expert and claimed expertise in interactive voice response.

28. As a result of Syntellect's failure to provide a defense or provide indemnity, SoCal Gas has had to pay attorneys' fees and costs on its own and face the prospect of bearing any settlement payment or judgment alone without Syntellect's contractually promised assistance.

### FIRST CAUSE OF ACTION
Breach of Contract—Failure to Defend

29. Plaintiffs refer to and incorporate herein paragraphs 1 through 28, inclusive, hereinabove, as if fully set forth herein.

30. Pursuant to Sections 20.2 and 20.3 of the Agreement between the parties, Defendant has a duty to defend SoCal Gas against claims of patent infringement in connection with the Vista Interactive Voice Response System.

31. RAKTL has made a claim of patent infringement against SoCal Gas in connection with the Vista Interactive Voice Response System.

32. Plaintiff has performed all conditions, covenants, and promises required to be performed accordance with the terms and conditions of the Agreement, and is excused from nonperformance of any conditions, covenants, and promises which it has not performed.

33. Defendant breached the Agreement by failing to defend SoCal Gas in the action asserted by RAKTL despite the latter's request.

34. As a proximate result of Defendant's breach of the contract, Plaintiff has been injured and damaged as alleged herein.

SECOND CLAIM   EXHIBIT __A__ PAGE _13_

-8-
COMPLAINT

Breach of Contract—Contractual Indemnity

35. Plaintiff refers to and incorporates herein paragraphs 1 through 34, inclusive, hereinabove, as if fully set forth herein.

36. Pursuant to Sections 20.2 and 20.3 of the Agreement between the parties, Defendant has a duty to indemnify and hold harmless SoCal Gas against claims of patent infringement in connection with the Vista Interactive Voice Response System.

37. RAKTL has made a claim of patent infringement against SoCal Gas in connection with the Vista Interactive Voice Response System.

38. Plaintiff has performed all conditions, covenants, and promises required to be performed accordance with the terms and conditions of the Agreement, and is excused from nonperformance of any conditions, covenants, and promises which it has not performed.

39. Defendant breached the Agreement by failing to participate in the RAKTL action and/or indemnify SoCal Gas despite the latter's request.

40. As a proximate result of Defendant's breach of the contract, Plaintiff has been injured and damaged as alleged herein.

## THIRD CLAIM

Declaratory Relief

41. Plaintiff refers to and incorporate herein paragraphs 1 through 40, inclusive, hereinabove, as if fully set forth herein.

42. An actual and ongoing controversy now exists between SoCal Gas and the Syntellect. SoCal Gas contends that Syntellect must provide SoCal Gas with a defense and fully indemnity SoCal Gas for its attorneys' fees and any settlement payment or judgment that may arise from RAKTL patent infringement action in connection with the Vista Interactive Voice Response System. Syntellect has denied that it has any such obligation.

43. SoCal Gas seeks a judicial determination that Syntellect has a contractual duty to provide a defense and to provide full indemnity to SoCal Gas with respect to RAKTL's

04/21/2008 11:59 2139555250 WILLENKEN LOH ET AL PAGE 10/14
Case 3:08-cv-00941-BEN-NLS Document 6 Filed 06/30/2008 Page 15 of 20

1 patent infringement action.

### PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1. For actual damages according to proof;
2. For interest thereon and loss of use thereof according to proof;
3. For costs of suit incurred herein, including attorneys' fees pursuant to the Agreement;
4. For a declaration requiring Syntellect to provide SoCal Gas with a defense in its action against RATKL and to provide SoCal Gas with a full indemnity for its attorneys' fees, any settlement payment, and any judgment.
5. For such other and further relief as to the Court seems just and proper.

Dated: April 21, 2008

WILLENKEN WILSON LOH & LIEB, LLP

Jason H. Wilson
Attorney for Plaintiff
Southern California Gas Company

EXHIBIT A PAGE 15

-10-
COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

Dated: April 21, 2008

WILLENKEN WILSON LOH & LIEB, LLP

_____
Jason H. Wilson
Attorney for Plaintiff
Southern California Gas Company

EXHIBIT **A** PAGE **16**

Sean M. Sherlock (CA 161627)
SNELL & WILMER L.L.P.
600 Anton Blvd., Suite 1400
Costa Mesa, California 92626
Telephone: (714) 427-7000
Facsimile: (714) 427-7799
ssherlock@swlaw.com

Attorneys for Defendant Syntellect, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN CALIFORNIA GAS COMPANY, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SYNTELLECT, INC., a Delaware corporation,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. § 1446** |

Defendant Syntellect, Inc. hereby files this Notice of Removal to this Court of a case pending in the Superior Court of the State of California for the County of San Diego captioned: *Southern California Gas Company, a California corporation, Plaintiff, v. Syntellect, Inc., a Delaware corporation, Defendant*; Case No. 37-2008-00082356-CU.

On April 28, 2008, Syntellect was served with the Summons and Complaint in this matter. A copy of the Summons and Complaint in the state court case is attached hereto as Exhibit A. A copy of the court's Notice of Case Assignment in the state court case is attached hereto as Exhibit B.

This Court has jurisdiction under 28 U.S.C. § 1332 in that at the time of the filing of the Complaint in the California state court and at the time of the filing of this Notice of Removal, the case involves a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest

and costs. More specifically, the plaintiff, Southern California Gas Company, is a citizen of the state of California in which it has been incorporated and defendant, Syntellect, Inc., is a corporation organized under the laws of the State of Delaware, having its principal place of business in the State of Arizona. The Complaint states a cause of action for breach of contract for alleged failure to defend and indemnify the plaintiff for claims of patent infringement made against the plaintiff in a case captioned: *Ronald A. Katz Technology Licensing, L.P., Plaintiff, v. Avon Products, Inc., et al*, Case No. CV 07 3672 CAF (CTx), filed in the United States District Court for the Central District of California.

Plaintiff Southern California Gas Company alleges that defendant Syntellect must indemnify the plaintiff for any settlement payment or judgment arising out of the patent infringement suit against it and that Syntellect is contractually obligated to reimburse the plaintiff for its attorney fees and costs incurred in defending that suit.

Based upon the allegations made in the Complaint filed in state court, Syntellect believes that the plaintiff's claims for payment of any settlement or judgment and reimbursement of plaintiff's attorney fees exceeds the sum or value of $75,000, exclusive of interest and costs, satisfying the amount in controversy requirement of 28 U.S.C. § 1332.

Submitted herewith are copies of all process and pleadings that have been served upon Syntellect in the state court action.

DATED: May 28, 2008.

SNELL & WILMER L.L.P.

By: /s/ Sean M. Sherlock
Sean M. Sherlock
Attorneys for Defendant
Syntellect, Inc.

EXHIBIT A  PAGE 18

-2-  NOTICE OF REMOVAL

1  Sean M. Sherlock (#161627)
   SNELL & WILMER L.L.P.
2  600 Anton Boulevard, Suite 1400
   Costa Mesa, California 92626-7689
3  Telephone: (714) 427-7000
   Facsimile: (714) 427-7799
4
   Attorneys for Defendant
5  Syntellect, Inc.

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 CITY AND FOR THE COUNTY OF SAN DIEGO

10                           CENTRAL DIVISION

11 | SOUTHERN CALIFORNIA GAS         | CASE NO. 37-2008-00082356-CU
   | COMPANY, a California Corporation, |
12 |                                  | NOTICE OF REMOVAL OF ACTION TO
   |          Plaintiff,              | UNITED STATES DISTRICT COURT
13 |                                  | UNDER 28 U.S.C. § 1446 (DIVERSITY)
   | vs.                              |
14 |                                  | DATE OF FILING: April 21, 2008
   | SYNTELLECT, INC., a Delaware     |
15 | corporation,                     |
   |                                  |
16 |          Defendant.              |

EXHIBIT A   PAGE 19

NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

1  TO THIS HONORABLE COURT:

2  PLEASE TAKE NOTICE that on May 28, 2008, Syntellect, Inc, a defendant in the above-entitled action, filed its Notice of Removal with the Clerk of the United States District Court for the Southern District of California, located at 880 Front Street, Rm. 4290, San Diego, California 92101. Attached as Exhibit "A" is a true and correct copy of the Notice of Removal.

Dated: May 30, 2008

SNELL & WILMER L.L.P.

By: /s/ Sean M. Sherlock

Sean M. Sherlock (#161627)
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

Attorneys for Defendant Syntellect, Inc.

EXHIBIT A  PAGE 20

8815372.1

- 2 -

NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT